IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH EDWARD BARBOUR,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION NO. 12-00262-CG-B |
| **ALL UNITED STATES INDIVIDUAL AND OFFICIAL CHARACTER FEDERAL, STATE AND LOCAL ATTORNIES,** | : |
| **Defendant.** | : |

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Edward Barbour, a Virginia inmate proceeding pro se, filed the instant action alleging violations under 42 U.S.C. §1983. Along with his Complaint, which is not on the proper form required by this Court, Plaintiff filed a Motion to Proceed Without Prepayment of Fees, which was not accompanied by a certified copy of the institutional record of his inmate account[1]. (Docs. 1, 2). Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.2(c)(4), this action was referred to the undersigned for appropriate action. Based upon a careful review of Plaintiff's Complaint and Motion, as well as the dockets of

---

[1] A Motion to Proceed Without Prepayment of Fees must include a certified copy of the institutional record of Plaintiff's inmate account reflecting transactions in his account for the six-month period immediately preceding the filing of his complaint. See 28 U.S.C. § 1915 (a)(2).

various United States District Courts[2], the undersigned recommends that Plaintiff's Motion be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

While screening this action as required under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that over the course of a decade, Plaintiff has filed over one hundred actions in United States District Courts.[3]  Not surprisingly, he has had at least three actions previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See, e.g., Barbour v. U.S. Code 2403(A), CA No. 4:10-077-WTM-GRS (S.D. Ga. Apr. 28, 2010)(frivolous); Barbour v. Representatives of the Persons Asst. Warden Harvey, CA No. 7:09-480-JCT-MFU (W.D. Va. Nov. 25, 2009)(frivolous); Barbour v. Watson, et al.,

---

[2] The undersigned has reviewed the dockets of United States District Courts throughout the United States.

[3] This includes habeas and non-habeas actions in California, Colorado, District of Columbia, Georgia, Hawaii, Indiana, Louisiana, Missouri, Montana, New Hampshire, New York, Ohio, South Carolina, South Dakota, Texas, Utah, and Virginia. It is readily apparent that after being deemed a three-striker in his home judicial district, Plaintiff has become a habitual filer in any judicial district willing to provide him with a civil action number.

CA No. 7:08-607-JCT-MFU (W.D. Va. Nov. 28, 2008)(failure to state a claim)[4].

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The statutory restriction found in § 1915(g) is express and unequivocal. The statute only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). However, the statute allows an exception for a prisoner who is under imminent danger of serious physical injury at the time he filed his lawsuit. Riveria v. Allin, 144 F.3d 719, 723 (11th Cir. 1998). Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must satisfy the exception to § 1915(g), which

---

[4] This action simultaneously dismissed eight complaints, but is treated as one dismissal.

requires him to show that at the time he filed the instant Complaint, he was under imminent danger of serious physical injury. Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)). In determining whether a plaintiff was under imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d. at 1350.

A careful review of Plaintiff's Complaint fails to reveal any facts that suggest that he was under imminent danger of serious physical injury at the time he filed the instant Complaint. Plaintiff's Complaint contains nonsensical assertions that are wholly devoid of any meaning. In his prayer for relief, he requests "[t]welve kilograms of cocaine from Columbia[,] twelve kilograms of heroin of Indian and five (5) dollars." Due to the absence of any facts that suggest, let alone establish, that Plaintiff was under imminent danger of serious physical injury at the time he filed his lawsuit, he has failed to satisfy § 1915(g)'s "imminent danger" exception.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and did not pay the $350.00 filing fee at the time he filed this action, this action is due to be dismissed without prejudice. Dupree, 284 F.3d at 1236 (holding that an action must

4

be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he <u>initiates</u> the action). Therefore, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **30th** day of **April, 2012**.

                                                            /s/ SONJA F. BIVINS
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

      objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this **30th** day of **April, 2012**.

                                     /s/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**